## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND
## NORTHERN DIVISION

|  |  |
|---|---|
| Cain, Michelle, | Civil Action No.: _____ |
| Plaintiff, |  |
| v. |  |
| ConServe; and DOES 1-10, inclusive, | **COMPLAINT** |
| Defendants. |  |

For this Complaint, the Plaintiff, Cain, Michelle, by undersigned counsel, states as follows:

## **JURISDICTION**

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and their agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## **PARTIES**

4. The Plaintiff, Michelle Cain ("Plaintiff"), is an adult individual residing in Port Deposit, Maryland, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant, ConServe ("ConServe"), is a New York business entity with an address of 200 Cross Keys Office Park, Fairport, New York 14450, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by ConServe and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. ConServe at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. The Plaintiff incurred a financial obligation (the "Debt") to a creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to ConServe for collection, or ConServe was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. ConServe Engages in Harassment and Abusive Tactics

12. ConServe called the Plaintiff numerous times per week in an attempt to collect the Debt with the intent to harass.

13. ConServe was rude and abusive when speaking to the Plaintiff.

2

14. ConServe called the Plaintiff at her place of employment numerous times although the Plaintiff explained to ConServe that she cannot receive personal calls there.

15. Furthermore, ConServe discussed the Debt with the Plaintiff's supervisor.

16. ConSeve called the Plaintiff's brother and discussed the Debt.

17. ConServe called the Plaintiff's grandmother and discussed the Debt.

18. ConServe is adding interest and fees in violation of the Debt agreement.

19. ConServe threatened to garnish the plaintiff's wages if the Debt was not paid immediately.  To date, no such action has occurred.

20. ConServe failed to notify the Plaintiff of her rights under state and federal law by written correspondence within five (5) days after initial contact, including the right to dispute the Debt.

C. **Plaintiff Suffered Actual Damages**

21. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

22. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, fear, frustration and embarrassment.

23. The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

**COUNT I**
**VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.**

24. The Plaintiff incorporates by reference all of the above paragraphs of this

Complaint as though fully stated herein.

25. The Defendants' conduct violated 15 U.S.C. § 1692b(1) in that Defendants contacted third parties and failed to identify themselves and further failed to confirm or correct location information.

26. The Defendants' conduct violated 15 U.S.C. § 1692b(2) in that Defendants informed third parties of the nature of Plaintiff's debt and stated that the Plaintiff owed a debt.

27. The Defendants' conduct violated 15 U.S.C. § 1692c(a)(1) in that Defendants contacted the Plaintiff at a place and during a time known to be inconvenient for the Plaintiff.

28. The Defendants' conduct violated 15 U.S.C. § 1692c(a)(3) in that Defendants contacted the Plaintiff at his place of employment, knowing that the Plaintiff's employer prohibited such communications.

29. The Defendants' conduct violated 15 U.S.C. § 1692d(2) in that Defendants used profane and abusive language when speaking with the consumer.

30. The Defendants' conduct violated 15 U.S.C. § 1692d(5)  in that Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

31. The Defendants' conduct violated 15 U.S.C. § 1692e(4) in that Defendants threatened the Plaintiff with garnishment if the Debt was not paid.

32. The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

33. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(1) in that Defendants failed to send the Plaintiff a validation notice stating the amount of the Debt.

34. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(2) in that Defendants

failed to send the Plaintiff a validation notice stating the name of the original creditor to whom the Debt was owed.

35. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(3) in that Defendants failed to send the Plaintiff a validation notice stating the Plaintiff's right to dispute the Debt within thirty days.

36. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(4) in that Defendants failed to send the Plaintiff a validation notice informing the Plaintiff of a right to have verification and judgment mailed to the Plaintiff.

37. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(5) in that Defendants failed to send the Plaintiff a validation notice containing the name and address of the original creditor.

38. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

39. The Plaintiff is entitled to damages as a result of Defendant's violations.

### COUNT II
### VIOLATIONS OF THE MARYLAND CONSUMER DEBT COLLECTION ACT
### MD. CODE COMM. LAW § 14-201, et seq.

40. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

41. The Defendants are each individually a "collector" as defined under MD. Code Comm. Law § 14-201(b).

42. The debt is a "consumer transaction" as defined under MD. Code Comm. Law § 14-201(c).

43. The Defendants contacted the Plaintiff's employer, without having received a

final judgment from a court, in violation of MD. Code Comm. Law § 14-202(4).

44. The Defendants disclosed or threatened to disclose information to a person other than the Plaintiff or his spouse information affecting the Plaintiff's reputation, with knowledge that the third party the Defendants were contacting had no business need for such information, in violation of MD. Code Comm. Law § 14-202(5).

45. The Defendants repeatedly contacted the Plaintiff with the intent to harass or abuse, in violation of MD. Code Comm. Law § 14-202(6).

46. The Defendants used obscene and grossly abusive language when communicating with the Plaintiff, in violation of MD. Code Comm. Law § 14-202(7).

47. The Plaintiff is entitled to damages proximately caused by the Defendants' violations.

## COUNT III
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

48. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

49. The *Restatement of Torts, Second,* § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

50. Maryland further recognizes the Plaintiff's right to be free from invasions of privacy, thus Defendants violated Maryland state law.

51. The Defendants intentionally intruded upon Plaintiff's right to privacy by continually harassing the Plaintiff with repeat rude phone calls as well as numerous phone calls to third parties, whom which ConServe discussed the Debt.

52. The telephone calls made by the Defendants to the Plaintiff were so persistent and repeated with such frequency as to be considered "hounding the plaintiff" and "a substantial burden to her existence," thus satisfying the *Restatement of Torts, Second,* § 652(b) requirement for an invasion of privacy.

53. The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

54. As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from the Defendants.

55. All acts of the Defendants and its agents were committed with malice, intent, wantonness, and recklessness, and as such, the Defendants are subject to punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;
2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against the Defendants;
3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;
4. Actual damages pursuant to MD. Code Comm. Law § 14-203;
5. Actual damages pursuant to MD. Ann. Code. Bus. Reg. § 7-401(b);
6. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);
7. Actual damages from the Defendants for the all damages suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and

    intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff; and

8. Such other and further relief as may be just and proper.

    **TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: July 19, 2010

    Respectfully submitted,

    By  /s/ Forrest E. Mays_____

    Forrest E. Mays (Bar No. 07510)
    2341 N Forrest Drive, Suite 90
    Annapolis, MD  21403
    Telephone: (410) 267-6297
    Facsimile: (410) 267-6234
    Email: mayslaw@mac.com

    <u>Of Counsel To</u>
    LEMBERG & ASSOCIATES L.L.C.
    A Connecticut Law Firm
    1100 Summer Street, 3rd Floor
    Stamford, CT 06905
    Telephone: (203) 653-2250
    Facsimile:  (877) 795-3666
    ATTORNEYS FOR PLAINTIFF